UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Robin Rodriguez

    v.                                        Civil No. 08-cv-332-PB

Michael Mukasey, United States
Attorney General

**O R D E R**

    Robin Rodriguez has filed a petition for declaratory and injunctive relief (document no. 1), asking that this Court acknowledge his United States citizenship and require Respondent to provide him with paperwork to document his citizenship. Because Rodriguez is proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine whether, among other things, the subject matter jurisdiction of this Court has been properly invoked. See United States District Court for the District of New Hampshire Local Rule 4.3(d)(2)(A). As explained herein, I find that this Court lacks jurisdiction to consider Rodriguez's request, and I direct that the matter be transferred to the United States Court of Appeals for the First Circuit.

Background

Rodriguez alleges that although he was not born in the United States, he is an American citizen, as his father was naturalized during Rodriguez's minority, and while he was in his father's custody, entitling Rodriguez to derivative citizenship. Rodriguez claims that while the United States Department of Justice has recognized his citizenship, they have failed to provide him with paperwork or other documentation that he can use to obtain the privileges and rights generally accorded to American citizens.

Discussion

I. Jurisdiction

Rodriguez seeks to have this Court formally resolve the issue of his citizenship by declaring that he is, in fact, a United States citizen.  In order to do that, this Court must determine Rodriquez's nationality and citizenship.[1]  This Court lacks jurisdiction to consider that claim, as original jurisdiction over citizenship claims lies with the United States

---

[1] Rodriguez refers to a document, in which he claims the government has acknowledged his United States citizenship, as "Exhibit 1."  Rodriguez has not, however, attached that document to his petition.

2

Courts of Appeals under 8 U.S.C. § 1252(b)(5).[2]  See Batista v. Ashcroft, 270 F.3d 8, 11-12 (1st Cir. 2001); Minasyan v. Gonzales, 401 F.3d 1068, 1074 (9th Cir. 2005); Duncan v. Samuels, Civ. No. 07-1494, 2007 WL 1101227, at *2 (D.N.J. Apr. 5, 2007) (citing Rivera-Martinez v. Ashcroft, 389 F.3d 207, 208-10 (1st Cir. 2004).  Under 8 U.S.C. § 1252(b)(5), when a petitioner claims to be a citizen of the United States, the court of appeals must first determine whether any genuine issue of material fact exists regarding petitioner's nationality.  See Batista, 270 F.3d

---

[2]Section 1252(b)(5) provides:

> (A) Court determination if no issue of fact.  If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.
> (B) Transfer if issue of fact.  If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.
> (C)  Limitation on determination.  The petitioner may have such nationality claim decided only as provided in this paragraph.

at 12. The court of appeals can then decide the matter on the pleadings, or transfer the case to the appropriate district court for a hearing on the nationality claim. Id. at 13. Accordingly, Rodriguez may not bring his citizenship claim in the district court in the first instance. Id.

2. Transfer Under 28 U.S.C. § 1631

Under 28 U.S.C. § 1631, a civil action that is filed in a court without jurisdiction to consider the matter may be transferred to a court where the action could have properly been brought at the time it was filed.[3] See Hussein v. Ashcroft, No. 01-CV-1239, 2002 WL 31027604, at *2 (E.D.N.Y. Sept. 12, 2002) ("Where a petitioner improperly brings [a citizenship] claim in

---

[3] 28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

the district court, the appropriate procedure is to transfer the claim to the court of appeals pursuant to 28 U.S.C. § 1631."). Because the court of appeals has jurisdiction in the first instance over citizenship claims, and this court lacks such jurisdiction, I direct the Clerk's office to immediately transfer this matter to the United States Court of Appeals for the First Circuit for consideration.[4]

**SO ORDERED.**

                                            /s/ James R. Muirhead
                                            James R. Muirhead
                                            United States Magistrate Judge

Date:     January 7, 2009

cc:       Robin Rodriguez, pro se

---

[4] I note that Rodriguez has previously filed an action in this Court. See Rodriguez v. DOJ, Civ. No. 07-cv-055-SM (D.N.H.). Upon conducting a preliminary review of Rodriguez's petition in that action, I determined that it contained a claim requesting that this Court determine and declare his nationality. In that matter, as in this one, I found that this Court lacks jurisdiction over such a claim, and ordered the matter transferred to the United States Court of Appeals for the First Circuit. That Court resolved the case without making a determination regarding Rodriguez's nationality. See Rodriguez-Caraballo v. Mukasey, No. 07-1730 (1st Cir. Aug. 6, 2008).